IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Geoffrey Synder, : Case No. 3:04CV7667

    Petitioner, :

vs. : MAGISTRATE'S REPORT AND
RECOMMENDATION

Daniel W. Beck, Sheriff, et al., :

    Respondents. :

This matter is before the undersigned Magistrate pursuant to Local Rule 72.2(b)(2)[1]. The Petition for a Writ of Habeas Corpus, challenging the constitutionality of OHIO REV. CODE § 2907.07(E)(2)[2] and the

---

[1] The Clerk shall refer all pro se petitions for habeas corpus filed under 28 U.S.C. § 2254, provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition, to a Magistrate Judge for a Report and Recommendation as provided in Local Rule 72.1, *Duties of United States Magistrate Judges*.

[2] The current version of this statute is found at OHIO REV. CODE § 2907.07(D) (2) which provides that no person shall "solicit" another by means of a "telecommunication device" to engage in "sexual activity" when the offender is eighteen years of age or older and the other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.

"Solicit" is defined as to entice, urge, lure or ask. *State v. Swann*, 142 Ohio App. 3d 88, 753 N. E.2d 984 (2001).

"Telecommunications device" means any instrument, equipment, machine, or other device that facilitates telecommunication, including, but not limited to, a computer, computer network, computer chip, computer circuit, scanner, telephone, cellular telephone, pager, personal communications device, transponder, receiver, radio, modem, or device that enables the use of a modem. OHIO REV. CODE § 2913.01(Y) (Thomson/West 2005).

standards for entrapment, was filed pursuant to 28 U.S.C. § 2254. Respondent Ohio Adult Parole Authority filed a Response (Docket No. 14). Thereafter, Petitioner filed his brief (Docket No. 17) and Respondents filed their Reply (Docket No. 22). For the reasons that follow, the Magistrate recommends that the writ be denied.

## FACTUAL BACKGROUND

Petitioner, a 36-year-old male, engaged in a series of internet conversations with a police officer claiming to be a fourteen-year-old female known as Sarah. Petitioner arranged to meet Sarah after communicating with her on the internet over the course of two weeks. The purpose of the meeting was to engage in the sexual activity described during the internet conversations. As arranged, Petitioner drove to the designated restaurant in Lima, Ohio, on September 26, 2002. A police undercover agent posing as Sarah met Petitioner at the restaurant. As Petitioner attempted to leave with the police undercover agent, he was arrested and incarcerated in the local jail (Docket No. 1, ¶ 6).

Petitioner was indicted for importuning, a fifth degree felony, in violation of OHIO REV. CODE § 2907 on November 15, 2002 (Docket No. 1, ¶ 6). He entered a negotiated plea of no contest, was found guilty of importuning and was sentenced to a 45-day period of incarceration in the Allen County Jail and five years of community control (Docket No. 1, ¶ 7). Allen County Common Pleas Court Judge Richard K. Warren accepted the plea on May 9, 2003 and on July 2, 2003, Petitioner was sentenced to community control with

---

"Sexual activity" means sexual conduct or sexual contact or both. Sexual conduct means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex . . . . . "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person. OHIO REV. CODE § 2907.01(A), (B) (C) (Thomson/West 2005).

the Adult Parole Authority (APA) (Docket No. 1, Judgment Entry of Sentencing; Docket No. 14, Exhibit 5). Petitioner was scheduled to commence serving his jail time on October 22, 2004 (Docket No. 1, ¶ 3). In the meantime, Judge Warren stayed Petitioner's sentence pending appeals to state and federal courts (Docket No. 14, Exhibit 10).

Petitioner appealed his conviction to the Third District Court of Appeals, challenging the importuning statute as violating the U. S. Constitution. On December 1, 2003, the Third District Court of Appeals found that the importuning statute did not violate the U. S. Constitution (Docket No. 1, ¶ 8; Docket No. 14, Exhibit 17). The Supreme Court of Ohio declined jurisdiction on April 8, 2004 (Docket No. 1, ¶10). Petitioner filed this case on October 21, 2004 challenging the validity and constitutionality of his conviction.

## JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)). A petitioner may be in custody within the meaning of Rule 2254 even though he or she has not commenced serving his or her sentence. *Hensley v. Municipal Court, San Jose Milpitas Judicial District,* 93 S. Ct. 1571, 1574-1575 (1979). A petitioner is in custody if his or her freedom of movement rests in the hands of state judicial officers, who may demand the petitioner's presence at any time and without a moment's notice, he or she remains at large only by the grace of the stay entered by the trial court or state judicial officers retain the determination and the power to seize the petitioner as soon as the obstacle of the stay is removed. *Id.*

Petitioner has been deemed a ward of APA pending the resolution of his state and federal claims. He

remains at large only as a result of the stay. The APA, consequently, has the authority to demand Petitioner's presence at any time or seize him so that he can commence serving his sentence. Clearly, Petitioner is in custody and was in custody at the time this case was filed. This Court, therefore, has jurisdiction to determine the merits of his claims.

## ANALYSIS

*Evidentiary Hearing*

The habeas corpus statute authorizes an evidentiary hearing in circumstances where the factual basis of a claim has not been adequately developed in state court proceedings or when the state court proceedings were seriously defective. 28 U. S. C. § 2254(d) (Thomson/West 2005). A district court is without authority to hold an evidentiary hearing on a matter on which the state court has made findings unless one of the factors contained in Section 2254(d) applies. *Abdur'Rahman v. Bell*, 226 F.3d 696, 704 (6th Cir. 2000) *cert. denied*, 122 S. Ct. 386 (2001). A petitioner who has not developed the record in state court is entitled to an evidentiary hearing only if he or she shows (1) "cause for his failure to develop the facts in state court proceedings and actual prejudice resulting from that failure" or (2) "that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." *Id.* at 704-705. A district court abuses its discretion by ordering such a hearing without first requiring the petitioner to make the requisite showing. *Id.*

Respondent contends that the case can be decided from the record; however, Respondent does not waive the right to have a hearing (Docket No. 22, p. 10). Nevertheless, the Court finds that the Petitioner failed to make the requisite showing that the facts were not developed in the state court proceeding or that a miscarriage of justice would ensue without a hearing. The petition can clearly be resolved from the record. Therefore, the Magistrate finds that an evidentiary hearing is not required.

*Exhaustion of State Remedies*

This Court can only grant a petition for a writ of habeas corpus if the petitioner exhausted the remedies available in state court. *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) *cert. denied,* 125 S. Ct. 1316 (2004). The state cannot waive or be estopped from relying upon the exhaustion requirement unless the state, through counsel, "expressly waives the requirement." *Id.* (*citing* 28 U.S.C. § 2254(b)(3) (Thomson/West 2004)). An applicant will not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he or she has the right under the law of the state to raise, by any available procedure, the question presented. *Id.* at 437 (*citing* 28 U.S.C. § 2254(c) (Thomson/West 2004)). A petitioner for federal habeas corpus relief is (1) only required to raise his or her claims before the state's highest court, *Id.* (*citing Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990)) and (2) fairly present the substance of each of his or her federal constitutional claims to the state courts[3]. *Id.* (*citing Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (citations omitted); *See also O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999)).

A state prisoner must exhaust all possible state remedies and have no remaining state remedies. 28 U. S. C. § 2254(b) and (c) (Thomson/West 2005). The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Manning,* 912 F. 2d at 881-883.

---

[3] A petitioner can take four actions in his or her brief which are significant to the determination as to whether a claim has been fairly presented: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Clinkscale* (*citing Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2004); *See also Levine v. Torvik,* 986 F.2d 1506, 1516 (6th Cir. 1993)*, cert. denied,* 113 S. Ct. 3001 (1993)).

Petitioner has presented his constitutional claims to the highest court of the state in a federal constitutional context. Specifically, he argued in the appeals court that OHIO REV. CODE § 2907.07(E)(2) is over broad and void for vagueness and that the conviction is the result of entrapment. The Ohio Supreme Court declined jurisdiction. Because Petitioner has presented his claims to the Supreme Court of Ohio, he has satisfied the exhaustion requirements.

*The Writ of Habeas Corpus*[4]

Petitioner's request for relief is predicated on three grounds. First, his conviction was based on an unconstitutionally vague statute and contrary to clearly established United States Supreme Court precedent. Second, the importuning statute on which he was convicted is over broad in violation of the First Amendment. Third, the importuning statute permits law enforcement to entrap innocent persons, thereby violating the protections provided by the Fourteenth Amendment.

I.

A federal court is strictly constrained as to when it may grant a writ of habeas corpus to a petitioner in custody pursuant to a state court judgment. A federal court may not grant a petition for a writ of habeas corpus unless the state adjudication of the petitioner's claim resulted in a decision that was contrary to, an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Ramdass v. Angelone*, 120 S. Ct. 2113, 2119 (2000). A state court acts contrary to clearly established federal law if it (1) applies a legal rule that contradicts our prior holdings; (2) reaches a different result from one

---

[4] Respondent initially argued that since Petitioner pled no contest, he was precluded from presenting claims to challenge the constitutionality of the Ohio statute under which he was convicted. Respondent now concedes that Petitioner is not precluded from presenting claims that challenge the constitutionality of the Ohio statute of importuning. Respondent does not concede that such claims are meritorious (Docket No. 22).

of the Supreme Court cases despite confronting indistinguishable facts; and (3) unreasonably applies the governing legal principle to the facts of the case. *Id.* A state determination may be set aside under this standard if, under clearly established federal law, the state court was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. *Id.* The petitioner has the burden of showing that the statute is vague. *Coates v. Cincinnati*, 91 S. Ct. 1686, 1688 (1971).

Petitioner argues that Ohio's importuning statute, OHIO REV. CODE § 2927.7(C)(2), pursuant to which he was convicted, is vague because it employs an unascertainable standard of guilt. Criminality is based upon the identity and subjective state of mind of the individual with whom the offender communicates. Petitioner compares OHIO REV. CODE § 2927.07 with the statute in *Coates*.

The Magistrate finds Petitioner has failed to make a showing that Ohio's importuning statute is vague. The *Coates* case, on which Petitioner relies, is distinguishable from this case. The Supreme Court in *Coates* found the city ordinance[5] void for vagueness because it subjected the exercise of the right to assembly to an unascertainable standard and unconstitutionally broad because it authorized the punishment of constitutionally protected conduct. *Id.* The Court reasoned that the ordinance was vague in the sense that no standard of conduct was specified. *Id.* Men or women of common intelligence would necessarily have to guess at its meaning. *Id.* (*citing Connally v. General Construction Company*, 46 S. Ct. 126, 127 (1926)). An ordinance is impermissibly vague if enforcement depends on a completely subjective standard. *Grayned v. Rockford,* 92 S. Ct. 2294, 2302 (1972) (*citing Coates*, 91 S. Ct. 1686). The Ohio importuning statute is neither vague nor so imprecise that men or women of ordinary intelligence could not comprehend what

---

[5] The ordinance read as follows: If three or more people meet together on a sidewalk or street corner, they must conduct themselves so as not to annoy any police officer or other person who should happen to pass by.

7

behavior is prohibited. The standard of conduct required to violate Ohio's importuning statute is specific. The conduct, enticing, luring, urging or asking an individual to engage in sexual conduct, is prohibited. The offender must believe that the person with whom he or she is communicating is thirteen years of age or older but less then sixteen years of age. The computer must be used as the instrumentality to entice, lure, urge or ask a minor to engage in sexual conduct.

In the alternative, Petitioner claims that Ohio's importuning statute is vague to the extent that law enforcement has the discretion to select against whom it will enforce the statute. Such selective enforcement is tantamount to a denial of equal protection in violation of the Fourteenth Amendment.

The conscious exercise of some selectivity in enforcement is not in itself a violation of the United States Constitution. *Oyler v. Boles*, 82 S. Ct. 501, 505 (1962). In order for selective enforcement to reach the level of unconstitutional discrimination the discrimination must be "intentional or purposeful." *Snowden v. Hughes*, 64 S. Ct. 397, 401 (1944). The Ohio Supreme Court has held that in order to demonstrate intentional and purposeful discrimination, a defendant must make a prima facie case showing that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge, the claimant is singled out for prosecution, and the government's discriminatory selection of the claimant for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the claimant from exercising his or her constitutional rights. *State v. Flynt*, 63 Ohio St.2d 132, 134, 407 N.E.2d 15, 17 (1980) (*quoting United States v. Berrios*, 501 F.2d 1207, 1211 (2nd Cir. 1974); *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000) (*citing United States v. Anderson*, 923 F.2d 450, 453 (6th Cir.1991)). The Magistrate is unable to find support in the record for Petitioner's contention. Petitioner has failed to allege or show that his prosecution is based upon a

8

constitutionally impermissible standard such as race, religion or other arbitrary classification. Petitioner's evidence is insufficient to establish that his prosecution was the result of invidious motives or bad faith. The Magistrate finds that there is no evidence that the Lima Police Department's methods constituted a violation of the equal protection clause of the Fourteenth Amendment.

II.

Petitioner argues that the importuning statute is over broad since it criminalizes all communications of a sexual nature between adults. Respondent asserts that the First Amendment protects two adults communicating about and soliciting sexual activity. Respondent contends that OHIO REV. CODE § 2907.07(E)(2) prohibits adults from soliciting minors for sexual activity through telecommunications devices, especially the Internet.

A statute is considered over broad "if in its reach it prohibits constitutionally protected conduct." *Grayned*, 92 S. Ct. at 2302. It is well settled in Ohio that the application of the over breadth doctrine is limited to the First Amendment context. *Akron v. Rasdan,* 105 Ohio App. 3d 164, 172, 663 N. E. 2d 947, 952(1995). If a statute attempts to regulate pure First Amendment rights (e.g., speech, expressive conduct, or association), it must be narrowly tailored and designed to further a compelling interest of the state. *U.S. v. Playboy Entertainment Group*, 120 S. Ct. 1878, 1886 (2000). If a less restrictive alternative would serve the government's purpose, the legislature must use that alternative. *Id.* (*citing Reno v. American Civil Liberties, Union*, 117 S. Ct. 2329, 2345-2346 (1997). When the government restricts speech, the government bears the burden of proving the constitutionality of any restriction. *Greater New Orleans Broadcasting Association v. United States*, 119 S. Ct. 1923, 1929 (1999).

The Magistrate finds that the facts in *Reno* are inapposite to the case sub judice. The *Reno* Court

9

recognized the governmental interest in protecting children from harmful materials on the internet pursuant to the Communications Decency Act (CDA). The CDA, unlike Ohio's importuning statute, extended to all non-profit entities and individuals posting indecent messages or displaying them on their computers in the presence of minors. No criteria was established for defining terms and the regulated subject matter, although available to a nationwide audience, was judged according to local obscenity standards. *Id.* In effect, there was a blanket prohibition of all "indecent" and "patently offensive" messages communicated to a seventeen-year-old no matter what value the message may have been or if there was parental consent. *Id*.

Petitioner has failed to show that potential application of OHIO REV. CODE § 2907.07(E)(2) reaches a significant amount of protected speech. The importuning statute is narrowly drafted to prohibit communication between an adult and a child between the ages of fourteen and sixteen years that facilitates sexual contact. Unlike the CDA, the importuning statute does not impose a blanket prohibition on speakers to engage in restricted speech on the internet. The Magistrate finds no textual support in *Reno* for Petitioner's claims that the importuning statute is over broad.

### III.

Petitioner claims that the ruling in *Sosa* deprived him of the opportunity to present a meaningful defense. *Sosa v. Jones,* 389 F. 3d 644, 647-648 (6th Cir. 2004). The Magistrate, according to Petitioner, should reverse the Sixth Circuit ruling in *Sosa.* Specifically, he was prevented from presenting evidence that he was not predisposed to engage in sexual activity with minors and that his arrest was the direct result of entrapment.

The Supreme Court has determined that entrapment is not a constitutional defense. *Matthews v. United States*, 108 S. Ct. 883, 888 (1988). A defendant must raise the defense of entrapment at trial, and the

government must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *See Jacobson v. United States,* 112 S. Ct. 1535, 1540 (1992).

A writ of habeas corpus must be filed pursuant to a violation of the constitution. Because entrapment is not a constitutional defense, the issue of entrapment in not a cognizable claim on which the court can grant a Section 2254 petition. Accordingly, the Magistrate declines Petitioner's invitation to overrule *Sosa*.

For these reasons, the Magistrate recommends that Petitioner's Writ of Habeas Corpus be denied, the case dismissed and the reference to the Magistrate terminated.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

Notice

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.