IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEOFFREY SNYDER,

                                Petitioner,                      Case No. 3:04 CV 7667

        -vs-

                                                        <u>MEMORANDUM   OPINION</u>

ALLEN COUNTY COURT OF COMMON
 PLEAS, et al.,

                               Respondents.

KATZ, J.

Pending before this Court is the Report and Recommendation ("R & R") of Magistrate Judge Vernelis K. Armstrong filed July 22, 2005 (Doc. No. 27) addressing the Petition of Geoffrey Snyder, Petitioner, for a writ of habeas corpus in which he challenges the constitutionality of Ohio Revised Code § 2907.07(E)(2) and the standards for entrapment, which petition was filed pursuant to 28 U. S. C. § 2255.   The Magistrate Judge recommended that the writ be denied.  Petitioner, through legal counsel, has  filed objections to the R & R.  The Court has reviewed the file in this case, including, but not limited to the Petition for the writ and brief in support thereof and the Defendant Ohio Adult Parole Authority's response, as well as Petitioner's reply.  Also reviewed has been the memorandum in support of Petitioner's objections to the R & R.

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which the Plaintiff objects.  For the following reasons,  the Court finds Petitioner's objections are not well taken and the same are denied.

The factual background and legal analysis is well set forth in the R & R and will not be repeated here.  The Court will address primarily the Petitioner's objections to the R & R (Doc. No. 30).  The first objection relates to the standard of review purportedly utilized by the Magistrate Judge.  He asserts that the Magistrate Judge combined her determination as being both "contrary to" and "an unreasonable application of" clearly established United States Supreme Court precedent, while both of the quoted clauses of Section 2254(d) have independent meaning and constitute separate grounds upon which habeas relief may be granted.  However, after a review of the R & R and the findings of the Magistrate Judge, this Court cannot conclude that she utilized the wrong standard of review.  Clearly, the review was as to both aspects of the test, and clearly, the Magistrate Judge found that the state court determination rejecting Petitioner's claim was neither contrary to nor an unreasonable application of clearly established United States Supreme Court precedence.

Petitioner also asserts that the R & R incorrectly concludes that his claim for habeas corpus relief based upon the unconstitutionality of the Ohio statute (Section 2927.07) must be rejected. After a review of the assertion that the statute is vague by virtue of "unascertainable standards", the Court finds that the R & R correctly addressed the issues and that the objections raised by Petitioner are without merit.  The Magistrate Judge also correctly analyzed the issue of selective enforcement, noting that in order for selective enforcement to reach the level of unconstitutional discrimination that discrimination must be "intentional or purposeful."  *Snowden v. Hughes*, 64 S.Ct. 397, 401 (1944).  Ohio Supreme Court precedent comports to that standard.  The Court agrees withe the Magistrate Judge that Petitioner has failed to demonstrate that his prosecution is constitutionally impermissible and/or that the Lima Police Department methods constituted a

2

violation of the Equal Protection Clause of the Fourteenth Amendment.  Tthis Court finds that the statute is not over-broad.

Finally, Petitioner asserts that the Court must grant him relief on his claim of entrapment and to do so must overrule the decision of the Sixth Circuit in *Sosa v. Jones*, 389 F.3d 644 (6th Cir. 2004).  That assertion has absolutely no merit as the District Court must follow established Circuit Court precedent.  Suffice to say that the assertion that this Court overrule the *Sosa* case is not just fanciful, but inappropriate.

For all the above reasons, this Court rejects Petitioner's objection to the Report and Recommendation and will adopt the same in full.  Petitioner's application for writ of habeas corpus will be denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE